OPINION
Defendant-appellant Larry L. Shaffer appeals the September 14, 1999, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, awarding impounded child support funds to plaintiff-appellee Susan Ranft and her attorney for attorney fees and travel expenses.
STATEMENT OF THE FACTS AND CASE, Defendant-appellant Larry L. Shaffer and plaintiff-appellee Susan Ranft are the biological parents of Jan Marie Ranft, d.o.b. June 25, 1979. Appellant's paternity was established on May 6, 1991. Appellant was ordered to pay $200.00 per month as child support plus $10.00 per month on an arrearage of $3,600.00 to the Stark County Department of Human Services. Appellant was granted visitation with Jan Marie and exercised that visitation. However, on August 21, 1993, appellant took Jan Marie from Ohio to Oklahoma to live with appellant, without appellee's permission. On August 23, 1993, appellant filed objections to the Findings and Recommendation of the Stark County Child Support Enforcement Agency [hereinafter CSEA] Hearing Officer. Appellant stated that Jan Marie had established permanent residence in Oklahoma with appellant. Therefore, appellant argued that his child support payments should cease and appellee, who no longer had physical custody, should begin to provide child support. On August 30, 1993, appellant filed an action in the District Court of Rogers County, Oklahoma, seeking custody of Jan Marie. On September 3, 1993, the Ohio trial court (hereinafter trial court) entered an Ex Parte Order requiring appellant to immediately return the child to Stark County. Appellee also filed a Motion to Show Cause why appellant should not be held in contempt for stealing the parties' child. On September 17, 1993, appellant's motion for stay of the child support order was overruled. In addition, the trial court ordered that CSEA impound the current child support of $200.00 per month. On October 5, 1993, the court of Rogers County, Oklahoma, granted temporary custody of the child to appellant. In Ohio, on November 2, 1993, appellant was found guilty of contempt, in absentia. Appellant was sentenced to 30 days in the Stark County Jail, issued a fine of $250.00 and assessed attorney fees of $350.00. In addition, the trial court found that the Oklahoma custody order was based upon a false affidavit and that Ohio has jurisdiction not Oklahoma. On May 13, 1994, the trial court issued a warrant to the Stark County Sheriff Department for the arrest of the defendant. On May 20, 1994, the Court of Rogers County, Oklahoma, granted Larry Shaffer custody of Jan Marie. The child support funds continued to be garnished from appellant's wages and impounded at the CSEA. On September 19, 1994, appellant filed a Motion to Terminate Child Support and requested a refund of the impounded funds since the child resided with appellant and the Oklahoma court had awarded custody to appellant. On November 9, 1994, a hearing was held before a Magistrate regarding the impounded child support funds, which at that point totalled approximately $2,900.00. While the Magistrate held this case under advisement, appellee's counsel filed an Ex Parte Motion for Release of the Funds and obtained the signature of another trial judge, other than the Judge assigned to the case. That other Judge signed the order on November 15, 1994, releasing the impounded funds to appellee. On December 20, 1994, the Magistrate issued his recommendations that such funds not be released to appellee as such release would create an unjust enrichment due to the fact that the child was not within her physical custody. Likewise, the Referee recommended that the funds not be returned to appellant. The Referee found that the child support belonged to the child, not the parents. The Referee recommended that a Guardian Ad Litem be appointed and that the Guardian be responsible for providing the funds to the child. On December 21, 1994, the trial court approved and adopted the Referee's Report. On February 1, 1995, appellant filed a Motion to Reinstate the Funds in which appellant argued the child support funds had been released to appellee in conflict with the trial court's order. The trial court issued a Judgment Entry on April 4, 1995, stating that it would take the Motion under advisement. It would not rule on the Motion until appellant presented himself to the court. Thereafter, appellant filed a motion for an Ex Parte Order to appoint a Guardian Ad Litem in the matter. That same day the trial court issued a Judgment Entry denying a motion to appoint a Guardian Ad Litem. On November 6, 1996, the CSEA filed a Motion to Clarify and Direct the Release of the Child Support Funds which were impounded. On March 26, 1997, appellant's counsel filed a Motion for Fees requesting that the impounded child support funds be released as attorney fees. Counsel attached her statement of services rendered to appellant. On May 5, 1997, CSEA filed a response to appellant's motion. CSEA cautioned the trial court in regards to using the impounded funds for anything other than direct support for Jan M. Ranft. The child turned eighteen years old on June 25, 1997. On August 15, 1997, the trial court ruled that it would take appellant's counsel's March 26, 1997, motion under advisement and refrain from ruling until appellant appeared before the court. The trial court also overruled CSEA's November 6, 1996, motion. The issue was raised again before the trial court on June 17, 1999, by the CSEA, requesting that the court order proper disbursement of the impounded funds. The trial court had never ruled on the motion it took under advisement on August 15, 1997. On August 10, 1999, the trial court ordered that the parties submit briefs on the issue of the final distribution of the impounded funds. On August 20, 1999, appellant filed a motion requesting that the funds be released to the child. Appellee, on August 24, 1999, filed a Motion for Fees, requesting that the impounded funds be awarded to appellee for attorney fees and as reimbursement for travel expenses incurred in travel to Oklahoma. Attached was a statement of services by counsel, totaling $6,123.75, and an affidavit executed by appellee indicating that she "spent approximately $2,500.00 and for travel expenses and lodging on four different trips to Oklahoma to see my daughter between 1993 and 1997." On September 14, 1999, the trial court ordered the release of all impounded funds, $6,639.00, plus any subsequent amounts accrued, to appellee and her counsel for attorney fees and expenses. Appellant filed a timely appeal to the September 14, 1999, Judgment Entry and raises the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN RELEASING IMPOUNDED CHILD SUPPORT FUNDS TO APPELLEE IN THE AMOUNT OF $6,640.00 WHEN THE CHILD HAD NOT BEEN IN HER PHYSICAL CUSTODY DURING THE TIME THESE FUNDS ACCUMULATED.
The issue before this court is whether the trial court abused its discretion when it granted appellee's August 24, 1999, Motion for Attorney Fees and Expenses and ordered impounded child support funds to be made payable to appellee for those attorney fees and expenses. We find that the trial court did abuse its discretion as the award of child support funds to appellee, under the circumstances of this case, violated public policy. Payment by a parent of child support is for the benefit of the child. Nelson v. Nelson (1998), 65 Ohio App.3d 800; See R.C. 3109.05; In accord, Peters v. Kozina (Dec. 19, 1981), Ottawa App. No. C.A. NO. OT-81-7, unreported, 1981 WL 5869. In this case, the child was living with appellant in Oklahoma while appellant was paying child support by order of the Ohio trial court. That child support was impounded and held by CSEA. While we do not address the propriety of the appellant's actions in removing his child to Oklahoma and obtaining the jurisdiction of an Oklahoma court, it appears the trial court disregarded the intended purpose of child support and acted to benefit appellee, rather than acting in the best interests of the child. We find that the award of the impounded child support funds to a parent and the parent's attorney for payment of attorney fees and expenses under the circumstances of the case sub judice violated the public policy and purpose of child support and was an abuse of discretion. In addition, the action taken by the trial court in its September 14, 1999, Judgment entry is contrary to its previous order of December 21, 1994. The December 21, 1994, Judgment Entry of the trial court adopted the December 20, 1994, Referee Report which recommended that appellant continue to pay child support. (That order, in effect, denied appellant's motion to terminate child support.) The trial court also adopted the Referee's finding that the child support money was for the child and that a guardian ad litem was to be appointed who would preserve the child support funds for the child. The December 21, 1994, order of the trial court has never been appealed or vacated. We find that the trial court lacked the authority to order impounded child support funds released to appellee and her attorney for appellee's attorney fees and expenses when those funds had, on December 21, 1994, been ordered to be preserved for the child's use, had been accumulating since December 21, 1994, and until the child's eighteen birthday on June 25, 1997, and the appellee's motion that these funds be released for her fees and expenses was not filed until August 24, 1999.
The trial court's September 14, 1999, Judgment Entry is hereby vacated. The case is hereby remanded to the trial court with instructions for the trial court to enter a judgment entry awarding the "$6,639.00 represented in CSEA's 6-17-99 motion plus any subsequent amounts accrued," to the child of appellant and appellee, Jan Marie Launius, fna Jan Marie Ranft, who is now emancipated.
 ___________________ Edwards, J.
Hoffman, P.J. and Farmer, J. concurs